IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| GERALD B. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-CV-75 (WLS) |
| KBR, INC., and JOSEPH EVANS, | : |
| Defendants. | : |

**ORDER**

Plaintiff, who is proceeding *pro se*, filed the above-captioned case in this Court nearly one year ago and paid the filing fee. (*See* Doc. 1.) Since that time Plaintiff has been given five opportunities to serve process in accordance with the Federal Rules of Civil Procedure ("FRCP"). (*See* Docs. 3, 5, 7, 15, 25.) Plaintiff asserted that he mailed process to various addresses and paid for process to be served on at least one occasion, but was unable to properly serve process. (*See* Docs. 4, 6, 10, 17, 19, 21.) Because Plaintiff repeatedly failed to serve process in accordance with the FRCP, he was ordered to show cause as to why this matter should not be dismissed without prejudice. (Doc. 20.) In his response to the Court's order, Plaintiff noted his unsuccessful attempts at service and requested that the United States Marshal Service assist him in serving process. (Doc. 21.) On February 24, 2014, the Court provided Plaintiff with an additional 30 days to serve process, and notified Plaintiff that, for a fee, the United States Marshal Service would serve process on Plaintiff's behalf. (Doc. 25.) At that time, Plaintiff was noticed that, at the end of the 30-day period, his case would be dismissed without prejudice unless manifest injustice would result. (*Id.*) That time period ended on March 26, 2014. At that time, Plaintiff had not provided any indication that he had served process on Defendants in accordance with the FRCP. (*See generally* Docket.)

1

Under Federal Rule of Civil Procedure 4(m), the Court must dismiss a case without prejudice if the defendants are not properly served with process within 120 days after the complaint is filed unless that time period is extended by the Court or good cause is shown. Also, under Federal Rule of Civil Procedure 41(b), the Court may *sua sponte* dismiss a case "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Brutus v. I.R.S.*, 393 F. App'x 682, 683-84 (11th Cir. 2010) (citing *Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009)). As mentioned above, nearly one year has passed since the complaint was filed and the time period to serve process has been extended five times. When ordered to show cause, Plaintiff asserted that he made several unsuccessful attempts at serving process and requested that the United States Marshal Service serve process for him. However, Plaintiff was given that opportunity and did not serve process. The Court has received no further communication from Plaintiff in this matter. (*See generally* Docket.) Because Plaintiff has failed to serve process and failed to timely comply with orders of the Court on five occasions, thereby unduly delaying the disposition of this matter, the Court finds that dismissal under Rules 4(m) and 41(b) are appropriate. Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**[1]

**SO ORDERED**, this  10th  day of April 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Because the Court dismisses this action without prejudice, it is not necessary for the Court to find that the delay was willful and that lesser sanctions would not suffice. *See Brutus v. I.R.S.*, 393 F. App'x 682, 684 (11th Cir. 2010).